UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD ROBLES,

                       Petitioner,          **ORDER**
                                                                      No. 05-CV-0428(VEB)

     -vs-

ROBERT DENNISON, Chairman, N.Y.S.
Division of Parole,[1]

                       Respondent.
_____

## BACKGROUND

Petitioner Richard Robles is currently serving a sentence of life imprisonment as a result of his conviction in 1966 of two counts of degree-less murder. Robles was denied parole on May 7, 2002, by the New York State Division of Parole following a parole release hearing; the parole board denied him release and ordered him held for another twenty-four months. Robles administratively challenged that denial and subsequently filed a petition in the New York state courts pursuant to Civil Practice Law and Rules ("C.P.L.R.") Article 78. On August 28, 2003, New York State Supreme Court, Wyoming County (Dadd, J.), dismissed the Article 78 petition. Robles appealed to the Appellate Division, Fourth Department, of New York State Supreme

---

[1] Respondent points out that Robles has incorrectly named the Chairman of the New York State Division of Parole as the respondent in this habeas action. The Second Circuit has held that "the Parole Board is not the 'custodian' of the prisoner, and therefore, in order to establish jurisdiction an action challenging parole procedures must be brought against the warden of the prison in which the petitioner is confined." *Billiteri v. United States Board of Parole*, 541 F.2d 938 (2d Cir. 1976); *accord, e.g.*, *Boddie v. New York State Div. of Parole*, 285 F. Supp.2d 421, 427 (S.D.N.Y. 2003). Although *Billiteri* involved federal prisoners, the doctrine applies equally to state prisoners. Nevertheless, because Robles is petitioning *pro se*, the Court will treat the petition as if Robles properly had named the prison warden as respondent. *Accord Boddie*, 285 F. Supp.2d at 427.

Court, which affirmed the lower court's decision on July 9, 2004. On October 21, 2004, the New York State Court of Appeals denied leave to appeal. *See* Petition ("Pet."), ¶¶ 9, 11 (Dkt #1).

On May 4, 2004, Robles appeared again before the parole board to be reconsidered for release, which again was denied. Robles was ordered held for another twenty-four months. Robles filed a notice of appeal, but he never perfected his appeal of the 2004 denial of parole. As a result, the appeals unit of the parole board closed his appeal after the deadline to perfect passed on September 13, 2004. Robles next appearance before the parole board was scheduled to occur in May 2006. *See* Respondent's Memorandum of Law ("Resp't Mem.") at 1 (Dkt. #9).

On June 15, 2005, Robles, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his denial of parole on May 7, 2002. Robles claims (1) that the parole board violated the *Ex Post Facto* Clause by applying current parole statutes and regulations rather than those which were in effect at the time of his criminal conviction in 1964; (2) that the parole board violated his due process rights by arbitrarily denying him parole based on pressure by a "special interest group"; and (3) that the parole board violated his right to equal protection by denying him parole but granting parole to similarly situated inmates. *See* Pet., ¶¶ 22(A) - (C) (Dkt. #1); *see also* Petitioner's Memorandum of Law (Dkt. #3).

Respondent moved to dismiss the petition on August 3, 2005, arguing, *inter alia*, that Robles' challenge to the 2002 denial of parole was mooted by the subsequent denial of parole in 2004. *See* Resp't Mem. at 2-3 (Dkt. #9). Respondent also asserts that if this Court were to "construe[] the petition as a challenge to the 2004 denial of parole, it should still dismiss the petition because petitioner has not exhausted his remedies in state court." *Id.* (citing, *inter alia*, 28 U.S.C. § 2254(b)(1)) (Dkt. #1).

## DISCUSSION

Respondent argues that Robles's challenge to the 2002 denial of parole has been mooted by his subsequent reconsideration for parole and denial thereof in 2004. *See* Resp't Mem. at 2 (Dkt. #9) ("The 2002 denial of release has been superseded by the 2004 denial of parole. Thus, the petition is moot."). Respondent contends that even if the Court were to agree with Robles' argument that the 2002 denial of release was constitutionally infirm, "petitioner would be entitled not to release but to reconsideration." *Id.* (citation omitted). By framing its opposition in this way, respondent appears to argue that the 2004 parole hearing constituted reconsideration on the merits of the 2002 denial, thus mooting petitioner's challenge to the 2002 denial of parole. Under New York state law, any challenge to a parole board hearing must be dismissed if the defendant is reconsidered for parole. *Boddie*, 285 F. Supp.2d at 427 (citing *Aviles v. Travis*, 282 A.D.2d 787, 722 N.Y.S.2d 436 (App. Div. 3d Dept. 2001); *Jhang v. Travis*, 285 A.D.2d 874, 727 N.Y.S.2d 361 (App. Div. 3d Dept. 2001)). Furthermore, a New York state prisoner is entitled to another parole board hearing "not more than twenty-four months" following the denial of parole. N.Y. Exec. Law § 259-i(2)(a).

In *Boddie*, 285 F. Supp.2d at 427, the Parole Division argued, as respondent does here, that each of petitioner's claims was rendered moot by the subsequent parole hearings petitioner received. In reply, petitioner Boddie argued that because of the amount of time the Parole Board is given to respond to administrative appeals, and the further time to file an Article 78 petition and appeal any adverse ruling, "by the time any challenge to a parole board hearing would make its way up to federal court, the petitioner would most likely be eligible for a new hearing, and the challenge rendered moot." *Id.* Thus, according to petitioner Boddie, any state relief was thereby

rendered ineffective and functioned to deny him due process. *Id.* The district court noted that "[w]hen interpreted in terms of the strongest arguments they suggest, Boddie [wa]s effectively claiming that for a federal court to repeat the dismissal of Boddie's challenge to his parole denial as moot would be to further deny him due process." *Id.*

The argument urged by the petitioner in *Boddie* to counter respondent's mootness argument has been raised before by petitioners seeking review of their parole board hearing who have not fully exhausted their state remedies, and who argue that the futility of state court review constitutes circumstances "that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii). *See Brown v. Thomas*, No. 02 Civ. 9257, 2003 WL 941940, at *1 (S.D.N.Y. March 10, 2003); *Washington v. Thomas*, No. 03 Civ. 363, 2003 WL 21262089, S.D.N.Y. May 29, 2003); *Defino v. Thomas*, No. 02 Civ. 7413, 2003 WL 40502, at *3 (S.D.N.Y. Jan. 2, 2003) (cited in *Boddie*, 285 F. Supp.2d at 427). The district court in *Defino* characterized such an argument as "potentially powerful." *Defino*, 2003 WL 40502, at *3 (quoted in *Brown*, 2003 WL 941940, at *1). In *Boddie,* the district court held that this "thorny issue" did not need to be addressed because petitioner's substantive claims clearly were without merit, and it was more efficient to dispose of the petition in that way. *Boddie*, 285 F. Supp.2d at 428 (citing *Brown*, 2003 WL 941940, at *1 ("[I]n habeas corpus cases, potentially complex and difficult issues about the various obstacles to reaching the merits should not be allowed to obscure the fact that the underlying claims are totally without merit.")).

This Court cannot take the course followed by the district court in *Boddie* because, based on the record presently before it, it cannot find that Robles' claims are "clearly without merit." Robles contends that under former New York Corrections Law § 213, he had a due process

liberty interest in parole, and that this right survived the enactment of the statute that replaced Section 213, namely, New York Executive Law § 259-i. Robles analogizes former Corrections Law § 213 to the Nebraska statute at issue in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979), which the Supreme Court held created a mandatory liberty interest in parole because it provided that the parole board "shall" release a prisoner unless certain factors were present. *See* 442 U.S. at 12-13.  According to Robles, New York's previous parole statute, which he alleges was in effect at the time he committed his crime and was sentenced, created mandatory rules for release and therefore the *Ex Post Facto* Clause applies to it. Robles' petition raises a question of whether the statutory changes created a "significant risk of increasing the measure of punishment attached to the covered crimes" so as to violate the *Ex Post Facto* Clause. *See California Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995). In addition, Robles contends that the parole division's decision to deny him parole was based solely on the nature of the underlying crime he committed and the fact that it was a "sensitive case" due to the attendant public notoriety. Robles claims that the parole division failed to consider the factors it was required to, and therefore the decision denying parole was arbitrarily and capriciously made.  There is authority for the proposition that even where a parole statute is framed in discretionary terms and does not confer a liberty interest in a prisoner's right to parole, the parole board's discretion is not unlimited. *See Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991) (cited in *Rodriguez v. Greenfield*, No. 00-0058, 7 Fed. Appx 42, 43 (2d Cir. Mar. 23, 2001) ("However, this discretion [pursuant to Executive Law § 259-i] is not unlimited because, in making parole determinations, the Parole Board is required to consider various factors in a prisoner's institutional record.") (unpublished opn.)).

In addition, the Court does not have enough information before it to determine exactly which parole denials Robles is challenging by means of this habeas petition, and what steps he has taken to exhaust the parole denial(s) which he is attacking herein. In his memorandum of law (Dkt. #3), Robles contends that all of the parole denials since 1994 were improper. Based on respondent's representations, it appears that only the claims regarding the 2002 parole denial have been exhausted, and that any claims pertaining to the 2004 denial have not been exhausted. The Court notes that it does not have any information regarding the parole hearing Robles was scheduled to receive in 2006. The Court therefore requires additional clarification and argument from both petitioner and respondent regarding the specific parole denials being challenged and petitioner's exhaustion of state remedies as to each.

On the record before it, the Court cannot discern whether any of the subsequent parole hearings afforded Robles cured whatever constitutional infirmity occurred at the during the previous hearings. The Court also notes the lack of clear support in the Circuit for respondent's mootness argument. Finally, the Court finds that it would benefit by further briefing on Robles' substantive claims, and therefore it is therefore reluctant to dismiss Robles' petition at this juncture.

For the foregoing reasons, it is hereby ordered that respondent's motion to dismiss the petition (*see* Dkt. ##5-9) is **DENIED** without prejudice. Respondent is ordered to serve its answer to the petition within forty-five (45) days. Upon receipt of respondent's answer, petitioner shall have forty-five (45) days in which to serve a reply, should he choose to do so.

**IT IS SO ORDERED**.

*Victor E. Bianchini*

---
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   July 30, 2007
         Buffalo, New York